## Cooke v. Broughton

Leu[t] Richard Cooke plantiffe against the Goods, Debts or Estate that was formerly belonging vnto M[r] Thomas Broughton & by him made ouer or Sold vnto Cap[t] Walter Price & Richard Cooke in behalfe of themselves & others of the Creditors of y[e] s[d] Broughton Defend[t] in an Action of the case for money Disburst for the managem[t] of that Estate & still remaines due the sume of Eight hundred forty six pounds fowre shilling & five pence or thereabouts with interest for y[e] same for about tenn years with other Due Damages according to Attachm[t] Dated y[e] 29th Day of June 1671 this Acion was refer[d] from July to October court and thence hither & . . . the Jurie . . . found for the pl[t] one thousand fowre hundred & fowre pounds fiue shillings & seauen pence in Money & costs of Court The Magistrates refused this verdict & Soe it falls to the Court of Assistants in Case.

[ This is a small incident in a protracted series of suits about the estate of Thomas Broughton, a merchant who removed from Virginia to Boston in 1650 and engaged in real estate operations which got him into serious difficulties. An outline of these suits is given in the printed Records of the Court of Assistants, iii. 133–34. By a deed of trust dated April 20, 1659 (S.F. 314.2), Thomas Broughton of Boston merchant and Mary his wife conveyed (1) his moiety of a parcel of land about Windmill Hill in Boston, also called Centre Haven, including several dwelling houses, a brewhouse, bakehouse, malt mill, warehouse, and wharf, and (2) Noddles Island (East Boston, which he had purchased for £1378 of John Burch of Barbados in 1656 through the intermediary of Richard Leader the ironmaster, but only half the purchase money had been paid), being one thousand acres or more of meadow and upland with a house, barns, and

garden, to Henry Shrimpton and Lieut. Richard Cooke of Boston, merchants, and Walter Price of Salem, merchant, his creditors to the amount of 4000*l*, to the end that they might satisfy themselves of his debts, and also satisfy his other creditors, of whom Anthony Stoddard and John Checkley or Chickly of Boston are especially named. Broughton's own schedule of his debts is in S.F. 314.1:

The Shedule of the names of those to whome I Thomas Broughton am indebted:

| | *li ss d* | | *li ss d* |
|---|---|---|---|
| M$^r$ John Chickley | 450:00:00 | M$^r$ W$^m$ Brenton | 190:00:00 |
| M$^r$ Henery Shrimpton: | 150:00:00 | M$^r$ John Hull | 030:00:00 |
| M$^r$ Walter Price: | 400:00:00 | M$^r$ Sam: Hall | 450:00:00 |
| M$^r$ Stoddard | 400:00:00 | M$^r$ Christpr. Hooper | 240:00:00 |
| M$^r$ Nath: Williams | 089:00:00 | Sam: Ward | 060:00:00 |
| M$^r$ Rand: Nicholls | 040:00:00 | Henery Short | 050:00:00 |
| M$^{rs}$ Ann Glou$^r$ widdow: | 015:00:00 | M$^r$ Richard Cooke | 300:00:00 |
| M$^r$ Osborne | 350:00:00 | | |

A List of the names & sumes I Thomas Broughton haue tooke order and sent effects to pay but not yet heering what is discharged of them doe enter into the List of debts for their security if they appeare still due:

| | | | |
|---|---|---|---|
| M$^r$ Heze: Vsher | 300:00:00 | M$^r$ Richard Russell | 100:00:00 |
| M$^r$ John Harwood | 500:00:00 | Leif$^t$ Sprague | 100:00:— |
| M$^r$ Walter Price | 600:00:00 | M$^{rs}$ Ann Glouer | 120:00:— |
| M$^r$ Jonathan Ward | 584:00:00 | M$^r$ Hope Allen | 200:00:— |
| M$^r$ John Hull | 226:00:00 | M$^r$ William Davis | 160·00:— |
| The deacons of Boston Church | 200:00:00 | M$^r$ Haugh: minester | 036:00:— |
| | | Henery Short | 020:00:— |
| M$^r$ Nath: Williams | 200:00:00 | John Lake | 080:00:— |
| M$^r$ Jacob Scheafe | 250:00:00 | M$^r$ Ben$^j$ Gillam | 400:00:— |
| M$^r$ Henery Webb | 150:00:00 | M$^r$ John Croad | 1000:00:— |
| M$^r$ John Knowles | 190:00:00 | | |

Mr. Simon Broadstreet forty thousand foote of boards a yeare for three yeares — successiuely: Cap$^t$ Tho: Clark: 0600:00:00

Entered and Reecorded the 20th Aprill: 1659 per Edw. Rawson Record$^r$ . . . vera Copia: Attest Edw Rawson Record$^r$

On the same date William Osborne, attorney of Thomas and Mary Broughton, "gaue full and peacable possession & liuery of seizen"[1] of the Centre Haven and Noddles Island estates (S.F. 314.2, 3). On April 20, 1659, Thomas Broughton conveyed to Hezekiah Usher, Henry Shrimpton, Richard Cooke and Walter Price, "his moiety of two Saw Mills at Newichewanik River on Quampegon (Salmon) Falls together with his three

---

[1] An ancient English form of conveyance, which did not require a deed or a record. The two parties went to the actual piece of land that was to be conveyed, in company with whatever freemen they could collect, and the grantor, after describing the bounds in presence of the witnesses, gave livery and seizen by handing to the grantee a bit of turf from the land, or a stone, twig, or some such symbol.

fourth parts of the ship Hope" of 170 tons burthen, "then riding in Piscataqua River"; also toward satisfying the said debts; this deed is cited in a deed of trust dated June 23, 1659 (S.F. 320) from the Broughtons to Cooke and Price, after Usher and Shrimpton had disassociated themselves from the transaction.

At a general meeting of Broughton's creditors in Boston on December 24, 1662, they agreed that these estates should be managed for the advantage of all during the space of one year, Captain Thomas Clarke and Ensign John Hull, the goldsmith, to assist in the managing thereof (S. F. 596.4). One of the principal creditors to Thomas Broughton was John Checkley,[1] who refused to come in with the other creditors, obtained a judgment and execution "uppon part of the said Broughtons estate as pewter and bras a clock and other things" (S. F. 596.5), and then summoned Cooke and Price to answer according to a deed and schedule from Broughton to the value of 900$l$. In Cooke's plea (S. F. 596.5), printed below, he alleges that a part of what Broughton conveyed, notably the ship Hope, was not his to convey, and that the creditors had to purchase it from the rightful owner to gain possession; if Checkley would contribute toward these expenses, he could have his proportion of the dividend. The County Court, on January 27, 1662/63, gave a "speciall verdict" for Checkley against the Centre Haven estate for 470$l$ 17$s$ 6$d$ (the text is in S. F. 962.10; see also S. F. 596.6 and the Court orders of Oct. 28, 1662, and January 26, 1663, printed below). Cooke et al. appealed, February 25, and their reasons (S. F. 596.7), including an interesting appeal to the Magna Carta provisions of the Body of Liberties, are printed below, as are Checkley's highly truculent "answers to their reasons of appeale (S. F. 596.6).

Checkley's "Objections against the validity of Mr. Broughtons deed of Center Haven and Nodles Island to Mr. Shrimpton, Price and Cooke" (S. F. 596.8) are also printed below, as are the "Answer to the objections."

In S. F. 596.10 is a deposition, dated January 3, 1662, of Anthony Stoddard, aged 56 years, witness to the original deed, supporting some of Checkley's contentions; bills of costs are in S. F. 596. 11, 12. It further appears from the notes in Records of the Court of Assistants, iii. 133–34, that Checkley managed to get Broughton imprisoned from 1664 to 1668, when he was released upon taking oath that he had not disposed of or concealed any part of his estate to the defrauding of Checkley. It seems

---

[1] This Checkley (1609–1685) was not the father nor any relation to the Anglican controversialist of the same name — see New England Historical and Genealogical Register, ii. 350.

that the original deeds to Cooke, Price, *et al.* were voided by the Court. This left every man to himself; and the present case represents an effort of Cooke to recover from that part of the Broughton estate of which Price was in possession. It began by suing out a warrant for Captain Price at the November session, 1671 (above, pp. 21, 27). The pleas by Cooke follow (S. F. 596.5):

Richard Cooke in the behalfe of him self and walter price humbly desireth that the pleas hee hath made in the case betwene John Chickley and them selues may bee Leaft vppon record in wrighting where by to prevent futer truble for words may bee forgotten the pleas weare as followeth

first that thay were summoned to answere the Complaint of John Chickley according to a deede and sedwell to the vallue of Nine hundred pounds as appeareth by the summans in Court but noe such deede was produced by the plaintif

2ly it was pleaded by the defendant that hee had endeavored to proue and boath now and at former Courts did alleage that John Chickley did accept of his debt with the rest of m^r Broughtons Credditors; but this the said Chickley denied and would not Com in with them, and this was owned in Court by by his Atturney Captaine hutchenson as allso m^r stodder

3^ly that John Chickley Arested the Estate of m^r Thomas Broughton and obtained a Judgment and Execution vppon part of the said broughtons estate as pewter and bras a Clock and other things which is for the same debt hee now sueth for as appeareth by the records in Court which is alltogether Illegall

4^ly that the deede presented by the plaintife in the Court doth not oblige them vnto John Chickley so as to bee sued by him the defendants there in hath not made any Contract with the plaintif nor doe stand obliged to him but with m^r Broughton from home thay receaued the deede

5^ly the deede presented sayth that thay shall together with paying them selues pay such and such but thay haue not payd them selues one penney nor to the vaillue of it vnto this day allthough thay haue payd m^r Chickley a Considerable sum if hee doth accept it vppon the Conditions thay payd it, and therfore thay haue not violated thayer trust with m^r Broughton vnto whom only thay are accoumptable by that deede

6^ly the said Broughton hath not performed with the defendants according to the said deede nor doe thay posses and Injoy what is there in Convayed as in portion for Nodles Island &c nor hath hee given vnto us any deeds or Convayences to manyfest any leagall right hee hath to it from the former and true owners of it as by this deede he is obliged to: but wee find the Contrary by experianc allso wee had vppon the same accoumpt sould vs three fourths of the shipp hope but wee Could not Injoy any part of it but were forced to purchas the same and pay for it our selues vnto the right owner and therfore wee haue noe reson to pay for that wee Cannot Injoy besids there are other things of the same Nature in which m^r broughton hath not performed if the deed presented by m^r Chickly giues him a legall power to receaue by the same rule it obligeth him to make good what m^r Broughton hath therein sould vs and vppon that accoumpt wee will Comply with him

Richard Cooke

[*Endorsed:*]  M^r Cooks pleas, order to be kept on file & y^e plaintiff to haue it to Ans^r & returne it & Ans^r

S. F. 596.2

Att a County Court held at Boston 28th of october 1662

The Court considering of the Generall Courts order on M$^r$ John Chickleys petition Judge Meete to Respite the Determinations thereof till the County Court in January Next when the Jury on the Euidences produced by all partyes Concerned M$^r$ Checkley giueing M$^r$ Cooke M$^r$ Prise M$^r$ Bratle M$^r$ Bartholmew & M$^r$ Boyes Due summons then to Attend it, it shall then be assisted by Court & Jury. This is A true Coppy of the Courts order as Attests

Edw: Rawson Recorder

[*Endorsed:*]    Gen: Court Ord$^r$ 20th of 8$^{br}$ 62

S. F. 596.1

To the Marshall of the County off Suffolk o$^r$ his Deputy o$^r$ Constable of Boston

You are hereby required in his Mas$^{ts}$ name to Attach the goods Lands o$^r$ other Estate in y$^e$ hands of Richard Cooke & Walter Price made ov$^r$ to them by Thomas Broughton for y$^e$ payment of severall Creditors according to deed & Shedule thereunto Annexed, & fo$^r$ want thereof the bodyes of Rich Cooke & Walter Price o$^r$ Either of them, & take bond to y$^e$ value of Nine hundred pounds With sufficient Surety o$^r$ Suretyes fo$^r$ their o$^r$ Either of their personall appearances at the next County Court to be held at Boston then & there to Answer y$^e$ Complaint of Jn$^o$ Chickley in an action of y$^e$ case fo$^r$ that y$^e$ said Cooke & Price have not paid vnto y$^e$ said Chickley y$^e$ summ of fouer hundered & seventy pounds Seventeene shillings & six pence, due to him from them by vertue of y$^e$ aforesaid deed & Shedule  Therevnto Annexed, w$^{th}$ due dammages & so make A true Return hereof unde$^r$ yo$^r$ hand dated y$^e$ sixth day of y$^e$ Eleventh mounth called January 1663:

By the Court: Jonath. Negus

. . . A true Copie . . . Edw. Rawson. . .

[*on reverse:*]

I have Attached the goods debts o$^r$ Estates of Richard Cooke & Walter Price the two dwelling houses & ground also y$^e$ Bake house brewhouse & one Copper and the greatest parte of the Wharfe to the North ward of y$^e$ Bake house Commonly Called by y$^e$ name of Centr$^e$ Haven this 8 Jannuary 1663.

per me Rich Wayte Marshall

Vera Copia Edw. Rauson Record$^r$
Attachment to January Court 1663

S. F. 596.3

1663: Att A County Court held at Boston y$^e$ 26th Jannuary: 1663:

John Chickley of Boston Merchant plantiffe ag$^t$ Richard Cooke of Boston & Walte$^r$ Price of Salem: Merchants in an Action of y$^e$ Case fo$^r$ that the said Cooke & price have not paid vnto y$^e$ sd Checkley y$^e$ summ of fouer hundered & seventy pounds seventeene shillings & six pence due to him from them by vertue of a deed & schedule to it Anexed from Thomas Broughton to them w$^{th}$ due damages according to Attachment Dat: y$^e$ 6th of Jannuary 1663: The Action was Called y$^e$ plantiff & on of y$^e$ defendts: ie Rich: Cooke appeared y$^e$ Attachm$^t$ & othe$^r$ Evidences in y$^e$ Case produced were Read Committed to y$^e$ Jury & are on file w$^{th}$ y$^e$ Records of this Court the Jury also hearing y$^e$ pleas made by plantiff &

defend$^t$ Brought in their virdict they found fo$^r$ the plantiffe five hundered sixty fouer pounds nineteene shillings & Eleven pence damage & Costs of Court forty two shillings & nine pence   The defend$^t$ Appealed & said Rich: Cooke & Jn$^o$ Wiswall Acknowledged themselves & heires . . . bound in one thousand pounds to . . . prossecute s$^d$ Appeale to Effect:

S. F. 596.7

Richard Cooke & walter Price theire Reasons of Appeale from y$^e$ Judgm$^t$ of y$^e$ County Court held at Boston y$^e$ 27th of Janu$^r$y 1662 in y$^e$ Case depending betweene Jn$^o$ Checkly & themselves.

First because y$^e$ Deed is made absolutely to us & o$^r$ heires for ever & not upon any Condition of forfeiture, or making of it invallid, neither are wee thereby made Agents or Atturneys unto Mr. Thomas Broughton, but legall Grantees, as appeares in y$^e$ s$^d$ Deede, possession being giuen, & y$^e$ Deed acknowledged & Recorded according to y$^e$ Law here established.

The Jury were mistaken in y$^e$ ground, upon which they gaue in theire Speciall Verdict: for (say they) wee find an Article or condition requireing y$^e$ Grantees to pay unto M$^r$ Jn$^o$ Checkly & y$^e$ other Credito$^r$s foure thousand pounds, which (say they) we doe not as yett find performed.  Now herein they were mistaken: for that Condition is legally performed by us, as appeares by y$^e$ Credito$^r$s acceptance there of to y$^e$ full vallue aboues$^d$, to which we referre.  But 2$^{ly}$ in case wee had not performed one tittle of it this cannot make y$^e$ Deede invallid: for soe farre as wee are there obliged it layeth us open to y$^e$ Law to be sued by him or them to whome wee are therein obliged, & M$^r$ Checkly may take his course at Law if he judgeth us to be therein obliged unto him; but this is not o$^r$ Case now, neither are wee sued upon any such Acct.

Wee doe humbly conceaue that y$^e$ hono$^{rd}$ Bench haue not only changed y$^e$ tearmes of y$^e$ quæstion, but also y$^e$ verry quæstion itselfe, y$^t$ was putt to them by y$^e$ Jury: for y$^e$ Jury's quæstion is, whither y$^e$ non performance of y$^e$ Article there specifyed doe according to Law make voyd y$^e$ Deed?  Now y$^e$ Bench state y$^e$ quæstion thus, whither y$^e$ Deed to Cooke, Price & Srimpton be absolute & good in Law.   And they Answere, y$^t$ y$^e$ s$^d$ Deede is noe legall Barre ag$^t$ s$^d$ Checkly, & y$^t$ they do confirme y$^e$ judgmt. granted to y$^e$ s$^d$ Checkly at y$^e$ former Court, allowing him also y$^e$ costs of this Instant Court.  Soe y$^t$ (as wee conceaue) they haue not giuen a resolution of y$^e$ quæstion as its stated by y$^e$ Jury, or as stated by themselues; & yet they give y$^e$ then Pl$^{tffe}$ costs of Court, & seeme to giue away o$^r$ estates alsoe.   Now wee humbly desire y$^e$ hono$^{rd}$ Court & Jury to take notice, y$^t$ wee did not, neither doe wee oppose y$^e$ Court's judgm$^t$ formerly granted to M$^r$ Checkly: for y$^t$ judgm$^t$ was ag$^t$ M$^r$ Broughton & not ag$^t$ us: wee only oppose M$^r$ Checkly's extending his Execucion upon y$^e$ Estate in quæstion, which is not M$^r$ Broughtons', but o$^r$s.

The former County Court hath a first & second time confirmed y$^e$ same Deede to be vallid & good in Law, upon which we proceeded & acted, disbursing many hundred pounds in paying offe workemen & repayreing part of y$^e$ s$^d$ Estate, & haue made many Contracts relating to y$^e$ same, & ran into severall Ingagem$^{ts}$ which would be too tedious here to relate, & haue soe gone on for allmost four yeares.  Now if y$^t$ Deed, which y$^e$ Court accepted of as good & vallid in Law soe many yeares since, upon which y$^r$ hath beene such transactions & Ingagem$^{ts}$ shall now by y$^e$ same Court be condemned as invallid; then wee appeale unto all men

to judge what o<sup>r</sup> condition here is, & what sad consequences will follow; we shall be at an uncertainty what is vallid & what is invallid, what is Law & what not Law: this will bee y<sup>e</sup> way to kindle such a fire, as will not soone be quenched, & sett friends at enmity one with another; & this p<sup>r</sup>tence of healing one will wound many. Such a p<sup>r</sup>sident we judge, was never seene here before, & what y<sup>e</sup> issue will be y<sup>e</sup> Lord only knowes, we feare y<sup>e</sup> hazzard of y<sup>e</sup> ruine of some, y<sup>e</sup> multiplying of suits at Law by others, & when it will end who knowes. By all which we hope this hono<sup>rd</sup> Court & Jury will seriously considder & determine y<sup>t</sup> righteousness & equity may take place, which is all we desire.

M<sup>r</sup> Jn<sup>o</sup> Checkly accepted of his Debt as y<sup>e</sup> rest of y<sup>e</sup> Cred<sup>rs</sup> did, as appeares by y<sup>e</sup> testimony of M<sup>r</sup> Rawson & M<sup>r</sup> Srimpton, which is also further confirmed by his receiueing of about foure score pounds of us in order thereunto, as appeares per y<sup>e</sup> testimony of M<sup>r</sup> Timothy Prout.

Wee craue y<sup>e</sup> benefitt of y<sup>e</sup> Law page y<sup>e</sup> first, y<sup>t</sup> no mans Goods or estate shall be taken away from him, nor any wayes endammaged under collo<sup>r</sup> of Law or countenance of Authority; unless it be by vertue or equity of some express Law of y<sup>e</sup> Country warranting y<sup>e</sup> same, established by a Gen<sup>ll</sup> Court & sufficiently published. Now noe such Law or equity of it hath yett beene produced; & therfore o<sup>r</sup> Estate & others ought not to be so taken from us.

It will evidently appeare y<sup>t</sup> there is not y<sup>e</sup> least shaddow or coulo<sup>r</sup> of fraud in what is done, because y<sup>e</sup> estate made over unto us is not worth what is ordered unto others, though wee to whome its sould should not haue one penny for o<sup>r</sup> selues, by which it will appeare who will be defrauded if others doe as M<sup>r</sup> Stodder hath done, & yet he complaynes most of fraude.

Lastly we know not what place M<sup>r</sup> Stodders testimony tooke with y<sup>e</sup> hono<sup>rd</sup> Court & Jury, as also his reasons & many expressions charging us with plotting & fraude: wee say these expressions & charges of his are fallacious & without proofe, & also y<sup>t</sup> Oath of his (to giue it y<sup>e</sup> best style wee can) was rash, Inconsiderate, & how farr short of truth he knowes or may know in time & place convenient, being told in Court y<sup>t</sup> y<sup>e</sup> publique Records would evidence ag<sup>t</sup> y<sup>t</sup> he would sweare: for he hath sworne y<sup>t</sup> M<sup>r</sup> Srimpton renounced y<sup>t</sup> Sale, thereby tending to proue it fraudulent; now y<sup>e</sup> s<sup>d</sup> Srimpton in open Court owned y<sup>e</sup> Sale, & as appeares per his testimony in Court sould y<sup>e</sup> same thing back againe, which fully proues he owned it.

The p<sup>r</sup>misses duely considered wee hope this hono<sup>rd</sup> Court & Jury will see just cause to defend o<sup>r</sup> right by reversing y<sup>t</sup> Judgm<sup>t</sup> so farr as it concernes us relating to y<sup>e</sup> Estate in quæstion, y<sup>t</sup> we may haue noe cause of future complaint either to God or man.

besides the deeds were made by the aduice and Councell of one whose Judgment in the Law was accoumpted a bond most in this Cuntry to bee sound and good and this deede was then so accoumpted by him self (25) (12) 62

Richard Cooke for him selfe and the rest Concerned

[Recd] 25th feb. 1662 per Edw. Rawson Record<sup>r</sup>

S. F. 596.6

John Chikley his Answers to Walter Price & Richard Cooks reasons of appeale from the Judgement of the Countie Court held at Boston. 26. Jan<sup>r</sup> 1663.

To the first

It rather conservnes y$^e$ Court to answer then Jon Chikley: yet for Answer Richard Cooke may consider he could finde noe error in y$^e$ Attaichment, & he had legal notis of it, w$^{ch}$ is all y$^e$ law requirs, and both caise & persons y$^e$ Court wel vnderstoode & gaue judgement acordingly, but there judgement pleased not Richard Cooke & therefore he condemnes it thinking him selfe more able to iudge then y$^e$ Court was.

To the 2$^d$

the deede p$^r$sented if Walter Price & Rich: Cooke had neuer accepted of it vpon y$^e$ tearmes it could not haue obliged them to pay Jon Chikley & then y$^e$ estaite had remaind m$^r$ Broutons, & then y$^e$ extention of Jon Chikleys execution Legal, but Wal: Price & Ri: Cooke accepting of the conuayance, & receueing possetion upon y$^e$ tearms there in exspressed & puting it vpon record: It is then for y$^e$ benefit of al conserned in it, & y$^t$ Richard Cooke himselfe ownes in y$^e$ last of his reasons of appeale, & if for there benefit then it must be acording to y$^e$ deede, w$^{ch}$ is y$^e$ paym$^t$ of there whole debts, not proportion, & if any of them be content w$^{th}$ a proportion yet Jo: [Chikley neuer] was, therefore he haueing bene soe many yeares w$^{th}$held from his right by Wal: Price & Ri: Cooke he hopes now at last he hath got y$^e$ clue by y$^e$ right ende, & therefore sues y$^e$ estaite being in y$^e$ hands of Wal: Price & Ri: Cooke, who hath had y$^t$ estaite in there hands diuers yeares. mr Broughton by y$^t$ deede & seddal chearges vpon Wal: Price & Ri: Cooke to pay Jon Chikley 450$^l$ they accept as before, therefore not onely y$^e$ drawer Acountable to Jon Chikley but y$^e$ accepters alsoe:

To the 3$^d$

It is wel Ri: Cooke wil make a supposetion he is obliged, yet he sath it is but in hope & confidence then he thinks it should seeme hope & confidence of his performance is not obligeing, & though he fail them of there hopes & confidence it matters not much. y$^e$ most y$^t$ can be, wil but make him falce to his trust (w$^{ch}$ to him is a slight thinge) for y$^t$ is a worde alsoe vsed, in Suer trust & confidence, w$^{ch}$ is as stronge an obligation (I conceue) as can be, for faile of y$^t$ & noe thing is maide ouer; for it is fiue times in y$^e$ deede exspressed it is maide ouer for thos ends & noe other but he sath it is to pay others together w$^{th}$ them selves. for Answer, there acceptance & receueing possetion, of Center hauen &c payes them selves, therefore m$^r$ Brouton haueing not onely paid them but deliuered them a further estaite to pay to Jon Chikley &c & they vndertaking paimt, & not doeing it, is y$^e$ cause of this complaint. & y$^e$ complaint is not because they haue alienated but because they doe not alienate some part of y$^e$ estaite to pay Jon Chikley w$^{ch}$ m$^r$ Brouton alienated to them for y$^t$ ende, but they desire to keepe Jon Chikles estaite whether he wil or noe, & where as Ri: Cooke saith they haue p$^d$ Jon Chikley a considerable some w$^{ch}$ they indeuer to proue by m$^r$ Prouts oath, but compaire m$^r$ Prouts oath & his recept on y$^e$ back of y$^e$ bil of laiding w$^{ch}$ is in Court, & it wil appeare m$^r$ Proute did receiue of m$^r$ Broughton for y$^e$ vse of John Chikley y$^t$ some he speaks of. therefore Rich: Cooke is pd it. & it becomes an honest man when he is once p$^d$ not to rcaue it againe; if m$^r$ Brouton demand any thinge of Jon Chikley he is ready vpon other aco$^{ts}$ betwixt them to owne what is due.

To the 4th

If m$^r$ Broughton neither haue nor can make good what he hath sould to Wa: Price & R Cooke then Center hauen is free, & it is m$^r$ Broutons estaite stil, &

then Jon Chikleys extention of his execution is good vpon it. but if they will say onely some part fals short it is Answered, Walter Price & R. Cooke should haue lookt to y$^t$ before they had ingaiged such paimts for it. it is ouer laite now: But y$^e$ Cr$^{trs}$ they ingaiged to pay is of too sorts in y$^e$ Seeal[1] some certaine some vncertaine. thos they terme certaine comes to aboue 4000$^l$ those vncertaine aboue 5000$^l$ though I thinke indeede they were al vncertaine, & merely at randum. now John Chikleys comes among y$^e$ certaine ones & y$^e$ first of them, & to be suer he now hath made it more certaine then any haueing proued it in soe many Courts, w$^{ch}$ I question whether R. Cooke be able to doe his; Jon Chikley alsoe is not onely exspressed in y$^e$ Cedal but in y$^e$ deede alsoe, w$^{ch}$ noe other is but one more. & therefore beinge soe certaine he ought to be pd in y$^e$ first place; & whereas R. Cooke in perteculer sath they can not enjoy Nodles Island: I conceue he hath confest enufe to proue they doe enjoy it; according to y$^e$ deed for y$^e$ Sugors sued for by R. Cooke w$^{ch}$ was lent by m$^r$ Brouton was disbursed for part paymt for Nodles Island, & m$^r$ Brouton was in possetion of it, onely had not pd al y$^t$ was due for it; & by reason there of had not a deede for it, onely a promis by letters vpon paiment to haue it. & this was knowne to R. Cooke from the begining to be y$^e$ title to it. yet he accepted of it. & this gaue R. Cooke the aduantage to sue for y$^e$ sugors disbursed vpon it & recouered y$^e$ debt & damages, extended y$^e$ execution on Nodles Island, since hath desposed of it by saile, & I conceue receaued y$^e$ ful pay for it, how euer considerable somes R. Cooke knowes wil be proued p$^d$ to him vpon it, 200$^l$ of y$^e$ mony R. Cooke ordered to be p$^d$ m$^{rs}$ Sheafe for his perteculer debt he owte her — who gaue him a ful discharge for 200$^l$ receued by her of R. Cooke & I thinke 200$^l$ is more then [ ] if there were noe more pd him then y$^t$, but he knowes there is more p$^d$ him & he knowes we are not ignorant of it nether: And for y$^t$ clause conserneing the grantor not makeing good to y$^e$ grantee. We know R. Cooke thinks reason is onely w$^{th}$ him, but we (whether reasonable or noe) conceue it a maxim y$^t$ if R. Cooke bey a parsol of land and ingaige to pay 8000$^l$ for it to such & such men. they will haue there mony, whether his titel be good or noe. he should haue lookt better to it, & though R. Cooke say this is y$^e$ state of y$^e$ caise, yet let me be bould to say he misses it: for though if it were soe yet still he is obliged but y$^e$ caise is better for y$^e$ defendant, for Rich: Cooke would keepe Center hauen, would keepe y$^e$ estaite to y$^e$ eastward, would keepe y$^e$ estate recouered by iudgmt vpon Nodles Island, w$^{th}$ w$^{ch}$ he hath p$^d$ part of his owne debts, would keepe al y$^e$ estaite at Barbados. & keeps his sonne there at this day to receue it, & yet he wants straw to make briks, & for y$^e$ Egiptian taske masters he mentions I know not howe he can meane except it be y$^e$ Court. But he hath soe much Straw & makes soe many briks I feare he aims at Building Babel for I see noe thinge but confution, but I hope y$^e$ honrd Court & Jury wil finde a way to dissperse part of y$^e$ materials to y$^e$ true owners & confirme y$^e$ Judgement of y$^e$ Countie Court: the estaite R. Cooke owned when he tooke it, he lookt at worth much more then y$^e$ Sedal requird of them for it, and when y$^e$ first meeting was (w$^{ch}$ he would make a wronge vse of) there was not any mention of proportion, nor of some yeares after, onely desired to improue y$^e$ estaite Intire, not questioning the paimt of y$^e$ whole debts w$^{th}$ interest, but Jon Chikley decleaired agt there keepeing any part of his estaite in there hands, or managing it for him, w$^{ch}$ they plead, w$^{ch}$ is far from his reiecting.

---

[1] Copyist's error for *Sedal,* i. e., *Schedule;* also printed *Cedal* in this same document. The soft pronunciation of the *sch* in *Schedule* still prevails in England.

yet they haue agt his wil soe many yeares detained w<sup>ch</sup> he hopes this Court & Jury wil consider of.

To the 5th

John Chikley before sued this estaite in this action & recouered then y<sup>t</sup> some of 470.17.6, and this estaite then was & now alsoe is iudged y<sup>e</sup> estaite y<sup>t</sup> was to pay it, onely y<sup>e</sup> court of Asistants iudged it was not m<sup>r</sup> Broutons estaite but Legally alienated to Wal: Price & R Cooke, yet if alienated it must be for y<sup>e</sup> ends exsprest. And therefore Jon Chikley forced to bringe a new Action, & y<sup>e</sup> deede p<sup>r</sup>sented obliges Wal: Price & R Cooke to pay Jon Chikley 450<sup>l</sup> butt y<sup>t</sup> vpon tryal proued 470.17.6, but if y<sup>t</sup> were a wronge I suppose it may wel be pardoned. for if Wal: Price & R Cooke should pay interest for 450<sup>l</sup> from y<sup>t</sup> time they had Jon Chikleys estaite to this day w<sup>th</sup> y<sup>e</sup> damages legally due I sopose it would amount to a far greater some then as yet is recouered, w<sup>ch</sup> I hope this Court wil see iust cause to giue, & whereas it is againe aledged m<sup>r</sup> Prouts testemony I haue answered fully to it before, Jon Chikley receaued noe thing of them, but what he pd for to m<sup>r</sup> Proute by m<sup>r</sup> Brouton, & hath m<sup>r</sup> Prouts recept for it on y<sup>e</sup> back of y<sup>e</sup> bil of laiding, yet R Cooke hath y<sup>e</sup> Impudens to blame y<sup>e</sup> Jury for Acting aboue there vnderstanding & soe commit an Error, soe both Bensh & Jury are Irronius Irrashonal & men wants vnderstanding compared w<sup>th</sup> R Cooke if [torn] be Judge.

To y<sup>e</sup> 6th

Though both bensh & Jury be Irrational in R Cooks openion, yet we shal answer Rich Cooks reason. Jon Chikley neuer renounst his debt, nether euer did Ed: Hutchinson or Anthony Stodderd. if Rich Cooke or any other for him would haue pd him, w<sup>ch</sup> in honesty he ought to haue donne, nor neuer reiected his claime to this estaite but alwaise lookt at this estaite to pay him. but this he did he disowned to approue of R Cooke or any other to be his pursebearer he was able to be his owne, & there was not for some yeares any talke of proportion neither doth y<sup>e</sup> deede speake of any, but Jon Chikley denyed to ioyne w<sup>th</sup> any Cr<sup>trs</sup> to giue way R Cooke should haue y<sup>e</sup> managemt of any part of his estaite, if Jon Chikley had no estaite in R Cooks hands nor if he ewte him noe thinge why did he speake to him abought for bereing of it. But after some yeares R Cooke came to speake of proportion w<sup>ch</sup> Jon Chikley then alsoe reiected any thoughts of, and then indeede Jon Chikley did begin to feare a cheate, but considering y<sup>e</sup> tearms of y<sup>e</sup> deede. did thinke y<sup>e</sup> deede made ouer was onely matter of trust, y<sup>t</sup> phrase being vsed in it, & Wal: Price & R Cooke not performeing there trust he did conceiue y<sup>e</sup> deede void, & y<sup>e</sup> estaite reuerted againe to m<sup>r</sup> Brouton & therefore sued y<sup>t</sup> estaite as his. y<sup>e</sup> Court Judged as he did and gaue him Judgm<sup>t</sup> & y<sup>e</sup> execution was serued on y<sup>e</sup> estaite at Center Hauen. R Cooke makeing interruption the Court againe iudged y<sup>e</sup> extention legal. R Cooke appeals. y<sup>e</sup> Court of Asistants iudges y<sup>e</sup> deede to be valid w<sup>ch</sup> m<sup>r</sup> Brouton maide to Wal: Price & R Cooke. yet Jon Chikley conceueing if valid it is for y<sup>e</sup> ends exsprest therefore brings his action agt y<sup>e</sup> same estaite in y<sup>e</sup> hands of Walter Price & R Cooke, recouers agt it vpon w<sup>ch</sup> R Cooke againe appeals. And instead of Reason Rails vpon & reuiles y<sup>e</sup> Court because they wil iudge this deede valid. who could doe noe other y<sup>e</sup> Court of Asistants haueing donne it before. & now he sath they alsoe iudge it more valid then it is in it selfe, w<sup>ch</sup> he cals a strange contradiction and then would couer him selfe w<sup>th</sup> makeing an inferens agt y<sup>e</sup> defendant, y<sup>t</sup> he would get an estaite vpon any Aco<sup>t</sup>, but in y<sup>t</sup> he striks more depely at the Court then him, for he brings his

caise to tryal by law, & except he iudge both Bensh & Jury Corrupt (w$^{ch}$ in them he cals his reasons I conceue he hath said noe lesse) he cannot haue his estaite but vpon a good & iust Aco$^t$. That he arrested y$^e$ estaite of m$^r$ Broughton & that w$^{ch}$ he then iudged onely his estate is confest already y$^t$ y$^e$ execution was extended is alsoe confest & yet makes not for R Cooke at al, for it was extended upon this estaite w$^{ch}$ was & is in y$^e$ possetion of m$^r$ Brouton & is now sued. And though a smal matter of puter & brasse &c were in y$^e$ howse & soe taken w$^{th}$ it, yet R Cooks interruption p$^r$uented y$^e$ proseding w$^{ch}$ as before ocations this Action. And for askeing aduice Jon Chikley can not be blamed. And for y$^e$ many vnheard of inuectiues agt the Judges & Jury to be Illegal, vniust, vnheard of practis, by noe law nor case Justifiable, we hope y$^e$ Court themselues wil giue answer, yet we shal p$^r$sent this to consideration If y$^e$ Judgemt of y$^e$ Countie Court [be now confirmed] it is but Judgemt agt y$^e$ same estaite, & soe but one iudgemt, onely before conceaued to be m$^r$ Broutons & y$^e$ deede to Wal. Price & R Cooke inualid, but now we are directed by y$^e$ Court of Asistants how to looke at it, who haue iudged it valid. yet this estaite is that w$^{ch}$ was and is truly to pay this debt & Wa: Price & R Cooke are the persons to pay as y$^e$ Countie Court Judges, being sould for y$^t$ ende. & we haue noe doubt but y$^t$ y$^e$ Court of Assistants wil confirme y$^e$ same, not w$^{th}$ standing y$^e$ plantiues haue soe much villified both y$^e$ Caise & Judges. And though the plantiues affirme Jon Chikley is legally paid, yet y$^t$ is but to mantaine his prinsiple y$^t$ he is wiser then his Judges. But he knowes it is nether legally nor truly paid. Except he allow y$^t$ y$^e$ execution extended on Center hauen is legally extended: & soe cry peccaui, & if it be then how he wil cleare him selfe of a vexatius suite & paying treble damages I know not, but to be suer y$^t$ law by him is abusiuely Cited.

To the 7th

The Plantiues haue not performed there [    ] selues one penny, though whether y$^t$ be truth or noe we leaue to what said before [    ] haue they pd others, but if they haue they haue not pd Jon Chikley who by deed [    ] must be one paid, who euer else is left vnpaid, & first pd for it is to pay Jon Chikley & others. but I beleue they haue not pd y$^e$ 4000$^l$ they boast of to haue pd nether according to law nor a good contience, — & for what appears vnder there hands if y$^t$ be a discharge they are y$^e$ better able to pay Jon Chikley, for the plantiues say they haue not alienated any estaite from themselues. if soe & y$^e$ Cr$^{trs}$ be pd then it is time to alienate to pay Jon Chikley: I feare y$^e$ Cr$^{trs}$ wil rather finde the plantiues to abuse them then y$^e$ defendant who medles not w$^{th}$ them, nether doth he ether them or plantiue any wronge, onely seeks for his iust due in A legal & iust way. And y$^e$ plantiues declares they receaued y$^t$ deede for y$^e$ vse of the Cre$^{trs}$, & saith they soe alwaise declaird, then surely they must not alwaise keepe it them selues but Alienate at least part of y$^e$ estaite soe much as to pay the Cr$^{trs}$. & they not paying Jon Chikley who is vnwiling to trust them, why should he be blamed for sueing for his debt w$^{ch}$ that deede alows him w$^{th}$ forberance — he being y$^e$ onely man named in y$^t$ deede w$^{ch}$ is to pay. & who euer is not pd he by name is to be pd, & pd his whole debt. And though you say y$^e$ somes set downe be aboue 8000$^l$ remembr 5000$^l$ of them are vncertaine & 4000$^l$ he cals certaine, amongst w$^{ch}$ are yo$^r$ owne, though I feare some of them as vncertaine as any: And though you aco$^t$ euery man must haue his iust proportion, yet I feare you are not very wiling to y$^t$, for euery mans iust proportion by y$^t$ deede is his whole debt, & you lyable to

damages from that day you receued it. And if any haue maide other composetion w<sup>th</sup> you, you haue cause to thanke them, But Jon Chikley hath not, nor neuer was wiling to haue you haue y<sup>e</sup> fingering of his estaite soe longe as you haue, And if it be an abuse to say we conceaue you indeuer to cheate, we cannot but thinke stil it is in yo<sup>r</sup> minde, but we hope y<sup>e</sup> Justis of y<sup>e</sup> Court wil p<sup>r</sup>uent you. And if you would not be thought to giue 1600<sup>l</sup> bribe you should not haue maide it soe apparent in yo<sup>r</sup> deede. you say in yo<sup>r</sup> deede you haue paid m<sup>r</sup> Brouton longe since 4000<sup>l</sup> & it appeares in the Sedal he ewte you but 1800<sup>l</sup> certaine & but 600<sup>l</sup> more vncertaine w<sup>ch</sup> is but 2400<sup>l</sup> & it is to be questioned whether he ewte al y<sup>t</sup> or noe, soe there is 1600<sup>l</sup> at least, remains if you haue not pd it him as a bribe y<sup>t</sup> he may not cal you to aco<sup>t</sup> for any thinge. then it is stil in yo<sup>r</sup> hands, soe then you haue enuf in yo<sup>r</sup> hands to pay Jon Chikley still. though you should haue pd y<sup>r</sup> Cr<sup>trs</sup> 4000<sup>l</sup>: you owne Jon Chikley was prouided for amonge y<sup>e</sup> rest, but why then doe you put him to sue for his right, he was alwaies wiling to haue it out of yo<sup>r</sup> hands, and because he can not get it is forced to sue for it, therefore Craues both law [torn] Court as wel as you, & hopes to finde it by a cause in [torn] the Countie Courts verdit, w<sup>th</sup> an addition of y<sup>e</sup> damages since sustained both for troble & forberance & thereby to be freede from yo<sup>r</sup> vexatious trobles.

John Checkley

S. F. 596.8

Objections against the validity of m<sup>r</sup> Broughtons deed of Center Haven and Nodles Island to m<sup>r</sup> Shrimpton, Price and Cooke

First the deed was made to three parties, and not to any two or one, m<sup>r</sup> Shrimpton renounced it therefore invalide, for it appeares not to be a contract but a plott of m<sup>r</sup> Broughton with some one or two of the parties, for m<sup>r</sup> Broughton cannot sell, except m<sup>r</sup> Shrimpton will buy

2: It is made in Consideration of 4000<sup>l</sup> m<sup>r</sup> Broughton is truly and really indebted to the three parties, and in hand receiued by the seller, and yet in the shedull he ownes but 2450<sup>l</sup> owing to them, whereof 600<sup>l</sup> is made doubtfull, whether owing or not so that at the time when the deede was made there was but 1850<sup>l</sup> knowne to m<sup>r</sup> Broughton to be indebted to them

3: He p<sup>r</sup>tends that it is in Consideration that all his Credito<sup>r</sup>s might be payd theire due, & for that ende p<sup>r</sup>tends to haue annexed a shedule, but hath done it fraudulently Leaving out severall to whome he was Indebted, as some may be Instanced m<sup>r</sup> Edw: Ting Cap<sup>t</sup> Hutchinson m<sup>r</sup> W<sup>m</sup> Payne w<sup>th</sup> others

4: He p<sup>r</sup>tends in the deed the annexing of a shedull, but it appeares at the Sealing of the deed noe shedull was annexed for it came after possession giuen w<sup>ch</sup> was not till the day after sealing

5: Not Long after the making the deed m<sup>r</sup> Broughton payd Nathaniell Williams out of that estate w<sup>ch</sup> he therein p<sup>r</sup>tends to make over to the 3 parties, as the Cattle on Nodles Island

6: The deed was made vpon Consideration that they to whom it was made over to should pay the Credito<sup>r</sup>s mentioned in the shedull besides them selues the value of 4000<sup>l</sup> the w<sup>ch</sup> in all the time they haue not payd, nor any part thereof not taken Course for it, but haue some one or two of them improved it to theire owne vse, Lived upon it as also m<sup>r</sup> Broughton & seu<sup>r</sup>all of the said Credetors haue beene wholly or in part payd not by them but by mr Broughton, either out of the Estate pretended to be made over or otherwise

7 There is no absolute sale or allienation, but for mr Broughtons vse, so it is more propperly a deed of Agensy trust or Atturneyship, and the Accompt & remainor is to the grantor; being made only to secure it from m$^r$ Cole, for his Credito$^r$s, so it is manifest  It remains m$^r$ Broughton his estate in the hands of his Agents for his Credito$^r$s therefore John Checkley by Law being proved m$^r$ Broughtons Credito$^r$ ought to haue Legall proceeding against the Estate of m$^r$ Broughton, in whose hands soeuer.  The Consideratio[n] of the p$^r$misses, I hope will satisfy the Court & Jury that I am to be payd, out of the Estate, being particul$^r$ly & personally provided for in the deed

John Checkley

S. F. 596.9

An Answer vnto m$^r$ John Checkley his objections

In general they are but words, in which are many mistakes vntruths for the validitie, and Legallitie of the deed I appeale to the Records

1  But to the first particul$^r$ if but one did accept of the sale in the case it were sufficient: but the Plaintiff mistakes him selfe for all three accepted of the Sale, and in particuler m$^r$ Shrimpton: which appeares by his deed of Sale of the same thing that Stands vpon publique Records a Copie of w$^{ch}$ cannot be p$^r$sently obtained, but for the truth of it, I refer to the testimoney of the Secretary

2  To the second the deed being made for 4000$^{li}$ owing to three & yet but 2450 Set downe in the Schedull, by [them] the plainti[ff] may satisfy himselfe that there was no fraude  Itended by m[$^r$] Broughton, but that euery man should haue his just proporti[on] otherwise he would not have set it so downe in the schedull but further there was many hundred pounds more owing vnto m$^r$ Shrimpton, w$^{ch}$ he did not know, whether it was then payd, which was not then set downe, in the schedull, but [if] the deed be observed, and also what is said, in the schedull, i[t] is that euery man should haue his just debt, which w[as] not then Certainely knowne vnto him, because he could not tell what was payd in Barbadoes and England, and as it was his Intent that euery man herein exprest should haue his Just proportion, according to what is really due, so it is also our Intent, not to haue one penny more then the rest according to our proportion of what is really due, and for that end, according to my promisse I haue giuen it vnder my hand and Seale long since which Cap$^t$ Clark hath in behalfe of the Credito$^{rs}$ w$^{ch}$ was deliuered in the precence of m$^r$ John Checkly.

3  3$^{dly}$  Whereas he Chargeth fraudulency in that some are left out of the schedull, the weaknes of his reason needs no great strength to answer et, I would appeale to the penman of it: doth m$^r$ Stoddard Judge it fraudulency that he has gotten his whole debt & damage of m$^r$ Broughtons friends when others are vnpayd, thers no necessitie that a man should pay all his debts, with one & the same thing

4  To the 4th I referr to the Records.

5  To the 5th thers no trueth in it the Cattle specifyed were neuer so [    ]

6  To the 6th whereas its said that the deed was made vpon consideration, that they to whome it was made should pay the Creditors mentioned, besides themselues, the answer is the Plaintiff mistakes himselfe the deede saith no such thing, it is but together with themselues, but themselues haue not received the value of one penny, and whereas its said, they haue payd no part vnto any thats vntrue, for the Plaintiff himselfe hath beene payd a Considerable Sume as is proved in

Court, & by himselfe there Confessed, and whereas its Said that that sume one or two of vs, have Improved it for our owne vse, and Lived vpon it, which is altogether fals, and herein the plaintiff doth extremely abuse vs for its knowne that there was an Agent put in by the whole that is to say m[r] Coles part and ours, whose accompt hath beene rendered for the whole, and as for m[r] Broughtons Liveing vpon it, it is vntrue, if m[r] Stoddards and m[r] Checklys familys had no more supply then m[r] Broughtons hath from his they would be badly Cloathed & fedd as his is — and where as its said that seuerall of the Credito[rs] haue beene payd by m[r] Broughton, either out of this Estate or otherwise its in part true, for m[r] Stoddard hath beene payd: but he best knoweth how: not by this Estate, nor no man else Concerned but m[r] John Checkly

7   To the 7th the Sale and Allienation is Absolutly and wee are neither Agents nor Atturneys vnto m[r] Broughton the Estate is none of his, wee appeale to the Records — it hath beene and is Imployed for the Credito[rs] to whome it is sould, and m[r] Checkley being one of them hath receiued as is above said, and if this hono[r]ed Court be pleased to appoint appraysers of the Estate: and it doth then appeare that he is short of his proportion it shall be payd him, both our selues and the Credito[rs] desires that there may be no fraudulency, but that there may be Just & Equall dealings as wee doe manifest in our Petition vnto this hono[r]ed Court, the which I doe humbly Crave that it may be read & Considered by this hono[r]ed Court

Richard Cooke

true Copie . . . Edw Rawson, Record[r]]